IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

VICTOR CHAN, )
   *Plaintiff,* )
)
) **Civil Action No.**
v. ) **1:08-cv-1910-TCB**
)
KENNETH DAVIS and NAJEEULLAH )
KINARD, )
   *Defendants,* )
)

## ORDER ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND NOTICE OF HEARING ON MOTION FOR PRELIMINARY INJUNCTION

This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order. Having considered Plaintiff's Motion, Plaintiff's sworn declaration, and arguments from Plaintiff's counsel, the Court hereby makes the following Order:

### I. Findings of Fact

1. Plaintiff (a California resident) and Defendants entered into an agreement in early May 2008 wherein Plaintiff agreed to purchase a 5970G Patek Philippe wristwatch from Defendants for $160,000.

2. The material terms of the contract for the purchase of the watch included Defendants' representation to Plaintiff that Defendants had

1

personal possession of the watch and would ship it overnight to Plaintiff immediately after Plaintiff directly deposited the $160,000 into Defendant Kinard's Bank of America bank account.

3. On May 19, 2008, Plaintiff deposited the $160,000 into Defendant Kinard's Bank of America (Georgia) bank account number 334016528358.

4. After Plaintiff's deposit, however, Defendants did not ship the watch to Plaintiff, and Defendant Davis informed Plaintiff for the first time that Defendants actually did not have possession of the watch and that Defendants needed the funds from Plaintiff's deposit to "pick-up" the watch in New York.

5. After learning of Defendants' change in the material terms of the agreement, Plaintiff researched other watch sales and learned that several other putative buyers of expensive wristwatches had allegedly sent money to Defendants yet never received their watches.

6. Based on Defendants' actions in changing material terms of the agreement after Plaintiff deposited the $160,000 into Defendant Kinard's bank account, including Defendants' failure to immediately send the watch to Plaintiff, and based upon what Plaintiff learned from other putative watch buyers in other transactions with

Defendants, Plaintiff brings the underlying fraud and breach of contract (rescission) action against Defendants and seeks a Temporary Restraining Order preventing Defendants from withdrawing the $160,000 from Defendant Kinard's account until such time as this matter is fully heard and adjudicated before this Court.

7. Plaintiff asks that this Temporary Restraining Order be heard and granted without notice to the Defendants because Plaintiff will suffer immediate and irreparable injury, loss, or damage if Defendants withdraw the $160,000 that Plaintiff deposited into Defendant Kinard's account and fail to deliver the watch to Plaintiff.

## **II. Order**

Based upon the facts presented to this Court, it is ORDERED, ADJUDGED AND DECREED that:

1. Plaintiff will suffer immediate and irreparable injury, loss, or damage absent entry of this Temporary Restraining Order without notice to Defendants, and, as such, this Order shall be entered without prior notice to Defendants.

2. Defendants are hereby ORDERED to not withdraw, transfer or encumber any portion of the $160,000 that Plaintiff deposited into

Defendant Kinard's bank account (Bank of America – Georgia, account number 334016528358) until further Order of this Court.

3. Plaintiff is directed to serve this Order on Defendants.

4. Pursuant to Fed. R. Civ. P. 65(c), Plaintiff is directed to deposit $2,500 as a security bond with this Court by Wednesday, June 4.

5. Defendants Davis and Kinard are directed to appear in Courtroom 1708 at 2:00 p.m. on Friday, June 13, and show cause, if there be any, why this Temporary Restraining Order should not be continued as a Preliminary Injunction.

6. This Order shall expire on Friday, June 13, 2008, at 4:30 p.m.

IT IS SO ORDERED this 3rd day of June, 2008, at 12:30 p.m.

Timothy C. Batten, Sr.
Judge, United States District Court

4